ETHEL S. GARRETT (FORMERLY ETHEL S. DARLINGTON), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99445. Promulgated February 18, 1941.

*J. Garfield Houston, Esq.*, for the petitioner.
*William A. Schmitt, Esq.*, for the respondent.

OPINION.

DISNEY: The petitioner was the principal beneficiary under the provisions of her husband's will. In years previous to the taxable year, the executors had accumulated from income and had on hand at the beginning of the taxable year, 1934, the sum of $262,436.08. During the taxable year the estate had income of $132,701.73 (in addition to an amount paid to another beneficiary not here involved). During the taxable year the executors paid petitioner $294,526.45. Thereof $60,000 was paid by voucher marked "Payment on Account of Personalty Income for Year 1934." Of the $60,000 the petitioner reported as income $57,284.47, the remainder not being reported because nontaxable. As to the $60,000 there is no controversy here. The respondent in the deficiency notice took the position that petitioner should have reported the entire $132,701.73, and increased income by $75,417.26, the difference between $57,284.47 and $132,-701.73. In other words, the position was taken that the payments to petitioner in the taxable year were from the income of the estate for that year; whereas the petitioner contends that, except for the $60,000, the payments to her were from the income of the estate for previous years, as to which the executors had reported and paid the income tax, and that therefore she is not taxable thereon for 1934.

Although there is some confusion in the briefs as to exactly what constitutes the issue presented to us, upon review of all that is said

thereon, we conclude that, as petitioner points out and agrees, the respondent correctly framed the issue in the following language:

The question recurs, were the payments made to the beneficiary in 1934 *from income* of the taxable year or prior years—not whether income was or was not paid or credited during the taxable year. It is stipulated that certain payments were in fact actually made during 1934, as hereinabove narrated—but from what source, is the question at issue.

What then is the source of the payments by the executors in 1934? Section 162 (b) and (c) of the Revenue Act of 1934[1] is involved. We are not sure, from the briefs, whether the respondent contends for the application of section 162 (b). At any rate, in our opinion, that subsection is not applicable here, for no provision of the will authorizes or requires that income "be distributed currently by the fiduciary", in the language of that subsection, at least so far as the *executors* are concerned; and the trustees are not here involved, since they were not to receive the residue of the estate until the end of administration, and the trust was not set up until March 28, 1935, upon which date by final decree of the Probate Court the residuary estate was awarded to the testamentary trustees. We therefore need not consider the trust, but only the estate in the hands of the executors. Section 162 (c) provides that in case of income received by estates of deceased persons during the period of administration, the estate in computing net income, may deduct the amount of the income for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but such amount shall be included in computation of the net income of the recipient. Was the petitioner such recipient of the income of the estate for the taxable year? In paying her, the executors attempted to identify the payments as from income of previous years, paying $110,000 by vouchers marked "Payment on account of 1932 Income Collected"

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

* * * * * * *

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

and $124,526.45 by a voucher marked "Payment in full of Balance of Personalty Income for Year 1933." In *Clara Louise Flinn*, 37 B. T. A. 1085 (1096), referring to a distribution to a beneficiary under section 162 of the Revenue Act of 1932, we said:

* * * The distribution of $22,500 appears to have been made out of trust income of earlier years and is not properly taxable at the time of actual distribution in 1933. * * *

As to another distribution, we held that nothing appeared requiring the exclusion thereof from the individual's income. It thus appears that the question is one of fact as to whether the disbursement is, or is not, from the income of earlier years, or of the taxable year. The respondent argues that the petitioner can not prove that the distribution was from pre-1934 estate income merely by so stating upon the vouchers paying same. The petitioner points out, however, that the evidence is not so limited, but that it is stipulated:

The Union Trust Company of Pittsburgh, one of the said executors, kept the books and records for the estate. It maintained separate book accounts for income and principal. The income account shows in detail the items of income received in each year and the disbursements therefrom to the beneficiaries.

Therefore the petitioner contends there is identification of the distribution as from 1932 and 1933. We think this position should be sustained. Of course a mere notation on a voucher or check as to the source of payment is not sufficient proof of source of payment; but if other records bear out and supplement that notation, the proof may be sufficient. It is true that there was only one bank account in which all estate income was deposited, upon which all vouchers were drawn, and out of which all payments were made. Yet on the books kept for the estate there was careful segregation. Income was shown in account books separate from those showing principal. "The income account shows in detail the items of income received in each year and the disbursement therefrom to the beneficiaries." This stipulation can mean only that the books showed in detail the items of income received, separated by years, and that the "disbursements therefrom" also appear in detail, separated by years. In other words, there was a detailed record of the income, and net income, for each year. This showing, with supplementary reference to the year upon the voucher paying the income, is sufficient identification of the source of payment, unless it is necessary to show complete separation of the income of the earlier years, into bank acounts separate from that of the taxable year and checks or vouchers upon such earlier bank accounts. We think that is not necessary. Account books are kept for purposes of information and identification. Kept in the current course of business, by the depositor, they indicate, by accounts separate as to subject matter (such as income) and year, identification and segrega-

tion no less than would separate accounts upon a bank's books, or accounts in separate banks. Under the stipulation herein, the disbursement to the petitioner of the amounts here involved appear, in detail, and by years, upon the account books of the estate showing income in accordance with the notations on the vouchers. For them to appear elsewhere would obviously cause confusion in bookkeeping. We think such can not be presumed in the face of the stipulation. The petitioner, accepting and cashing such vouchers, could not successfully contend that she had received income from years other than those indicated by the vouchers. In other words, the identification is binding upon her. We think it is likewise sufficient in her favor. We hold that the disbursements have been shown to be from pre-1934 income.

The respondent suggests that the petitioner was entitled, under the will, to all of the income, and that the executors had no right to accumulate it. We understand this to mean, in effect, that since she received in 1934 an amount within the income of the estate for that year, and the executors had no right to accumulate income, she therefore received the estate income of 1934 and not of earlier years. We think such contention is not well founded. The executors were not required to pay the petitioner currently, or by years—either by the will or the law of Pennsylvania. Respondent on brief agrees that under such law presumably an executor can not be compelled to distribute assets during the settlement of the estate, within reasonable limits; but suggests that he can set up proper book entries, segregate specific funds, and take credit without actually paying out the money, from which we assume it is contended that the petitioner has a right to such credit, and if she actually receives payment, receives it from current income. In *Commissioner* v. *Stearns*, 65 Fed. (2d) 371, it is held that, under section 162 of the Revenue Act of 1928, "credit" means allotment to the beneficiary beyond recall, and for practical purposes means payment. In our opinion the petitioner had no right to such credit prior to settlement of the estate by the court, and therefore the fact of payment does not on such ground, indicate payment from current income.

We conclude and hold that the petitioner has shown payment, above the $60,000, to have been from income of 1932 and 1933, and that respondent erred in including same in petitioner's income.

*Decision will be entered under Rule 50.*